IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TIMOTHY BRYAN BROOKS,

    Plaintiff,                     No. CIV S-02-2166 MCE PAN P

    vs.

CALIFORNIA DEPARTMENT
OF CORRECTIONS, et al.,

    Defendants.             FINDINGS & RECOMMENDATIONS

        Plaintiff is a state prisoner without counsel seeking relief pursuant to 42 U.S.C. § 1983.  In the October 2, 2003, second-amended complaint, plaintiff seeks damages and injunctive relief upon the ground defendant Milligard failed to protect plaintiff from other prisoners, defendants Harmon and Yin-Hui were deliberately indifferent to his serious medical needs and defendant Harmon violated plaintiff's right of access to the courts.  On April 19, 2006, plaintiff filed a document styled, "Emergency Motion to Prevent Same Illegal Placement that Caused this Civil Rights Action!  Investigation is Requested!"  He seeks an order directing individuals not named as parties to lower plaintiff's classification level and to transfer him either to Folsom State Prison - Level One Yard or Vacaville State Prison.  The court construes this as a request for a preliminary injunction.

/////

1

LEGAL STANDARDS

The legal principles applicable to a request for preliminary injunctive relief are well established. "The traditional equitable criteria for granting preliminary injunctive relief are (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if the preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases)." Dollar Rent A Car v. Travelers Indem. Co., 774 F.2d 1371, 1374 (9th Cir. 1985). The criteria are traditionally treated as alternative tests. "Alternatively, a court may issue a preliminary injunction if the moving party demonstrates 'either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor.'" Martin v. International Olympic Comm., 740 F.2d 670, 675 (9th Cir. 1984) (quoting William Inglis & Sons Baking Co. v. ITT Continental Baking Co., 526 F.2d 86, 88 (9th Cir. 1975)). The Ninth Circuit has reiterated that under either formulation of the principles, if the probability of success on the merits is low, preliminary injunctive relief should be denied:

> Martin explicitly teaches that "[u]nder this last part of the alternative test, even if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits."

Johnson v. California State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) (quoting Martin, 740 F.2d at 675).

Only parties or non-parties with notice who are shown to be in active concert or participation with defendants may be enjoined under Federal Rule of Civil Procedure 65. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).

ANALYSIS

Plaintiff alleges Associate Warden Kays and a Correctional Officer Aldredge of Pelican Bay State Prison have increased plaintiff's custody level and denied plaintiff's request to be transferred to a less secure prison upon the ground plaintiff's record demonstrates plaintiff is

too violent for a less secure setting.  Plaintiff disagrees with their decision.

Plaintiff makes no showing that Associate Warden Kays or Correctional Officer Aldredge made their decisions for an improper reason and acted in concert or participation with any defendant.  Plaintiff also fails to show a likelihood of success on the merits and the balance of hardships tips in his favor.

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's April 19, 2006, motion be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, [xxwho] may file written objections.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 25, 2006.

UNITED STATES MAGISTRATE JUDGE

\004
\broo2166. f&r 49A