IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TIMOTHY BRYAN BROOKS,

    Plaintiff,    No. CIV S-02-2166 MCE EFB P

    vs.

CALIFORNIA DEPARTMENT OF
CORRECTIONS, et al.,    FINDINGS AND RECOMMENDATIONS

    Defendants.
_____/

    Plaintiff is a prisoner without counsel seeking relief pursuant to 42 U.S.C. § 1983. In the complaint, he alleges that defendant Milligard failed to protect plaintiff from other prisoners, defendants Harmon and Yin-Hui were deliberately indifferent to his serious medical needs and defendant Harmon violated plaintiff's right of access to the courts. On May 22, 2006, plaintiff filed a motion for a preliminary injunction.

    A preliminary injunction represents the exercise of far reaching power never to be indulged except in a case clearly warranting it, *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964), and therefore will not issue unless necessary because threatened injury would impair the court's ability to grant effective relief in a pending action. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871 F.2d 863 (9th Cir. 1989).

1   To prevail upon an application for a prohibitory preliminary injunction, plaintiff must demonstrate either probable success on the merits and the possibility of irreparable injury, or serious questions regarding the merits of his claims and a balance of hardships tipping sharply in his favor. *Miss Universe, Inc. v. Flesher*, 605 F.2d 1130, 1134 (9th Cir. 1979). If the balance of harm tips decidedly toward the plaintiff, then the plaintiff need not show as robust a likelihood of success on the merits as when the balance tips less decidedly. *Benda v. Grand Lodge of the International Association of Machinists*, 584 F.2d 308, 315 (9th Cir. 1978). The threatened injury must be immediate. *Los Angeles Memorial Coliseum Comm'n v. National Football League*, 634 F.2d 1197, 1201 (9th Cir. 1980). Since the remedy is equitable in nature, there must be no adequate remedy at law. *Stanley v. University of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994). If the relief sought is mandatory rather than prohibitory, the balance must more clearly favor the applicant. *Dahl v. HEM Pharm. Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993).

Plaintiff seeks an order directing his transfer from Pelican Bay State Prison to Folsom State Prison because he requires medical treatment not available at Pelican Bay and because state law requires he be confined in a facility near his home, directing prison officials to provide increased access to the law library and directing prison staff not to retaliate against him.

Plaintiff has not identified with specificity to whom the court's order should be directed. Although plaintiff attaches a radiology report from May 7, 2002, it contains no recommendation of treatment. Plaintiff has not demonstrated that he requires any medical attention related to this case or in order to pursue this case.

Plaintiff cannot show he requires greater access to legal materials or a law library since in the past six months he has filed one "Emergency Motion for Investigation," three requests for preliminary injunctions, a motion for summary judgment, a request that the court direct defendants to comply with an order, a request for funds for investigation, objections to findings and recommendations, a request to disqualify a different magistrate judge, a pretrial statement and a request to grant his motion for summary judgment.

Plaintiff has not identified any particular person from whom he is in imminent danger of retaliation and whether prison officials are violating state law by failing to house him near his family is not in the least related to this action or plaintiff's ability to obtain relief in this action.

Plaintiff has not alleged any facts showing that there is a likelihood he will succeed on the merits and he requires injunctive relief to avoid irreparable harm.

Accordingly, it is hereby recommended that plaintiff's May 22, 2006, motion for injunctive relief be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 20 days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 2, 2006.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

\broo2166.f&r dny pi tro merits

3