IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TIMOTHY BRYAN BROOKS,

    Plaintiff,                    No. CIV S-02-2166 MCE EFB P

    vs.

CALIFORNIA DEPARTMENT OF
CORRECTIONS, et al.,            FINDINGS AND RECOMMENDATIONS

    Defendants.
_____/

        Plaintiff[1] is a prisoner without counsel seeking relief pursuant to 42 U.S.C. § 1983. In the complaint, he alleges that defendant Milligard failed to protect plaintiff from other prisoners, that defendants Harmon and Yin-Hui were deliberately indifferent to his serious medical needs and that defendant Harmon violated plaintiff's right of access to the courts. Since commencing this action, plaintiff has been transferred to Pelican Bay State Prison.

        On May 1, 2006, plaintiff filed a request for a temporary restraining order and a preliminary injunction. *See* Fed. R. Civ. P. 65. That request seeks an order directing the warden of Pelican Bay State Prison, Officer Aldridge and Officer Sills to transfer plaintiff to Folsom State Prison because, he alleges, his housing conditions pose a risk that he will contract a

---

[1] Mr. Brooks refers to other individuals as plaintiffs. Mr. Brooks is the only plaintiff in this action and so the court declines to address allegations made on behalf of any other individual.

bacterial infection that is resistant to treatment. He also argues that there are delays in the Pelican Bay State Prison mail system that make it more difficult to litigate this action. He further argues that he wishes to be closer to his wife, who plaintiff asserts, without specifying what she does, acts as his "legal runner." He also requests that the court enjoin any possible acts of retaliation and the posting of armed guards in the gym at the facility where plaintiff is housed. While that request was pending, this case was reassigned to the undersigned on August 29, 2006.

On September 21, 2006, plaintiff filed another motion for a preliminary injunction making essentially the same request for the same reasons. The late motion also seeks an order directing his transfer from Pelican Bay State Prison to Folsom State Prison, again arguing that he requires medical care not available at Pelican Bay and because state law requires that he be confined in a facility near his home. He also seeks an order directing the law librarian to give him more time in and increased access to the law library and directing prison staff not to retaliate against him.

To prevail upon an application for a prohibitory preliminary injunction, plaintiff must demonstrate either probable success on the merits and the possibility of irreparable injury, or that serious questions are raised regarding the merits of his claims and that the balance of relative hardships tipping sharply in his favor. *Miss Universe, Inc. v. Flesher*, 605 F.2d 1130, 1134 (9th Cir. 1979). If the balance of harm tips decidedly toward the plaintiff, then the plaintiff need not show as robust a likelihood of success on the merits as when the balance tips less decidedly. *Benda v. Grand Lodge of the International Association of Machinists*, 584 F.2d 308, 315 (9th Cir. 1978). The threatened injury must be immediate. *Los Angeles Memorial Coliseum Comm'n v. National Football League*, 634 F.2d 1197, 1201 (9th Cir. 1980). Since the remedy is equitable in nature, there must be no adequate remedy at law. *Stanley v. University of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994). If the relief sought is mandatory rather than prohibitory, the balance must more clearly favor the applicant. *Dahl v. HEM Pharm. Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993).

For the reasons stated below, plaintiff has not met his burden under this standard and his applications for preliminary injunctive relief must be denied.

Without explanation, plaintiff alleges that the law librarian will not give him sufficient time in the library to enable him to prepare for trial. Plaintiff provides no particulars as to what specific task he needs to perform in the library that requires his physical presence there, nor why that task or tasks must be performed at this time. Nor has there been a specific and particularized showing of what schedule plaintiff has been permitted for the use of the library, or library materials, and specifically how that schedule is not adequate for pursuing this case. As for pleadings and correspondence, there has been no shortage of motions and other filings by plaintiff.[2] Plaintiff has wholly failed to show that a preliminary injunction ordering his transfer to a different facility is necessary.

Nor has he substantiated in any way his claim that he requires medical care not available at Pelican Bay. Although he attaches a radiology report from May 7, 2002, it contains no recommendation of treatment and in no way demonstrates that he requires any medical attention related to this case or in order to pursue this case, or that he needs any medical attention that cannot be provided at Pelican Bay.

Plaintiffs other alleged bases for preliminary injunctive relief are also lacking any factual support. Plaintiff has not identified any particular person from whom he is in imminent danger of retaliation and whether prison officials are violating state law by failing to house him near his family is not in the least related to this action or plaintiff's ability to obtain relief in this action.

Plaintiff has not presented any facts showing that there is a likelihood he will succeed on the merits of his claims, or even that serious questions have been raised. Nor has he

---

[2] In the past six months plaintiff has filed one "Emergency Motion for Investigation," three requests for preliminary injunctions, a motion for summary judgment, a request that the court direct defendants to comply with an order, a request for funds for investigation, objections to findings and recommendations, a request to disqualify a different magistrate judge, a pretrial statement and a request to grant his motion for summary judgment.

demonstrated that he requires injunctive relief to avoid irreparable harm or that the balance of relative hardships tips sharply in favor of granting an injunction. Accordingly, he has not met his burden on the motions for preliminary injunctive relief.

Finally, only parties or non-parties with notice who are shown to be in active concert or participation with defendants may be enjoined under Federal Rule of Civil Procedure 65. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 112 (1969). The warden of Pelican Bay State Prison is not a party to this action and plaintiff makes no showing that the warden has acted in concert or participated with any defendant. For that additional reason, plaintiff is not entitled to a preliminary injunction against the warden of Pelican Bay State Prison, Officer Aldridge or Officer Sills.

Accordingly, it is hereby recommended that plaintiff's plaintiff's May 22, 2006, and September 21, 2006, motions for preliminary injunctive relief be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 20 days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 2, 2006.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

\broo2166.f&r dny pi tro merits